IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS HOLLIDAY,<br><br>    Plaintiff,<br><br>  vs.<br><br>D.K. SISTO, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-07-1422-LKK-CMK-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on July 18, 2007.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if fails to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915A(b)(1), (2).  As discussed in more detail in the order dated October 1, 2007 (Doc. 6), plaintiff's complaint names as a defendant Warden DK Sisto.  The basis for plaintiff's claims against Warden Sisto arise from the defendant's supervisorial role.  Plaintiff fails to allege an actual connection or link between the actions of

defendant Sisto and the alleged constitutional deprivations.  See <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658 (1978).  Plaintiff fails to set forth specific facts as to what defendant Sisto's role was in the alleged constitutional deprivation.  See <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).  Supervisory personnel are generally not liable under § 1983 for the actions of their employees, unless they participated in or had actual knowledge of the violations and failed to prevent them.  See <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th cir. 1989).   Plaintiff was provided an opportunity to file an amended complaint to cure these deficiencies.  However, no amended complaint was filed within the time provided.

       Based on the foregoing, and the reasons set forth in the October 1, 2007 order, the undersigned recommends that defendant Sisto be dismissed from this action and that the action proceed against defendants Traquina and Naka only.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 30, 2007

*Craig M. Kellison* (signature)

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE